UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:20-cr-00311-FDW-DCK

| ARTHIANDO LUREZ PHILLIPS, | ) |  |
|---|---|---|
|  | ) |  |
| Petitioner, | ) |  |
|  | ) |  |
| vs. | ) | **ORDER** |
|  | ) |  |
| UNITED STATES OF AMERICA, | ) |  |
|  | ) |  |
| Respondent. | ) |  |

**THIS MATTER** is before the Court on Petitioner's Pro Se Motion to Vacate Sentence under 28 U.S.C. § 2255. [Doc. 30].

I.     BACKGROUND

On September 16, 2020, Petitioner Arthiando Lurez Phillips ("Petitioner") was charged in a Bill of Indictment with one count of being a felon-in-possession of a firearm in violation of 18 U.S.C. § 922(g)(1). [Doc. 1: Bill of Indictment]. Petitioner pleaded guilty without a plea agreement on February 16, 2021. [Doc. 11: Acceptance and Entry of Plea Agreement]. Petitioner was sentenced to a term of imprisonment of 57 months. [Doc. 26: Judgment]. Judgment on Petitioner's conviction was entered on February 10, 2022. [Id.]. Petitioner did not appeal.

On or about May 31, 2024,[1] Petitioner filed the pending motion to vacate sentence under 28 U.S.C. § 2255. [Doc. 30]. As grounds for relief, Petitioner argues that his § 922(g) conviction is unconstitutional under New York State Rifle & Pistol Assn., Inc. v. Bruen, 142 S.Ct. 2111 (2022),

---

[1] Petitioner swore under penalty of perjury that he placed his motion in the prison mailing system on June 20, 2023, which is clearly not accurate. [See Doc. 30 at 12]. The envelope enclosing Petitioner's motion was postmarked May 31, 2024, and it was received by this Court and docketed on June 4, 2024. [Doc. 30-1].

which was decided on June 23, 2022. [Id. at 4]. For relief, Petitioner asks the Court to vacate his conviction. [Id. at 12]. Petitioner claims his petition is timely under 28 U.S.C. § 2255(f)(3) because "it is a new rule of constitutional law." [Id. at 9, 11].

## II. STANDARD OF REVIEW

A federal prisoner claiming that his "sentence was imposed in violation of the Constitution or the laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a).

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that courts are to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings . . ." in order to determine whether the petitioner is entitled to any relief on the claims set forth therein. After examining the record in this matter, the Court finds that Petitioner's motion can be resolved without an evidentiary hearing based on the record and governing law. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III. ANALYSIS

In 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act (the "AEDPA"). Among other things, the AEDPA amended 28 U.S.C. § 2255 by imposing a one-year statute of limitations period for the filing of a motion to vacate. Such amendment provides:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of-
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making

2

      a motion by such governmental action;

      (3) the date on which the right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

      (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Here, Petitioner's conviction became final for purposes of § 2255(f) on February 26, 2022, when his deadline to appeal expired. Fed. R. App. P. 4(b)(1)(A); see United States v. Clay, 537 U.S. 522, 524-25 (2003) (when a defendant does not appeal, his conviction becomes final when the opportunity to appeal expires). While Petitioner claims he put his motion in the prison mailing system on June 20, 2023, conveniently three days short of the year anniversary of Bruen, it was not postmarked until May 31, 2024, over two years from finality of his conviction. The Court, therefore, finds that Petitioner's motion to vacate is untimely, see 28 U.S.C. § 2255(f)(1), unless he shows he is entitled to equitable tolling.

To be entitled to equitable tolling, "an otherwise time-barred petitioner must present '(1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) that prevented him from filing on time.'" United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004) (quoting Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003), cert. denied, 541 U.S. 905, 124 S. Ct. 1605 (2004)). A petitioner must show he has been "pursuing his rights diligently." Holland v. Florida, 560 U.S. 631, 649 (2010). Further, equitable tolling is limited to "rare instances – where due to circumstances external to the party's own conduct – it would be unconscionable to enforce the limitation period against the party and gross injustice would result." Whiteside v. United States, 775 F.3d 180, 184 (4th Cir. 2014) (quoting Rouse v. Lee, 339 F.3d 238, 246 (4th Cir.

2003)). Petitioner has presented nothing in support of equitable tolling and the Court sees nothing from the record.

Because Petitioner addressed the timeliness issue in his original petition, the Court need not provide Petitioner any additional opportunities to address this issue. See Whitener v. United States, No. 3:14-cv-600-MOC, 2014 WL 7339188 (Dec. 23, 2014); Cureton v. United States, 2007 WL 1651437, n.1 (W.D.N.C. June 2, 2007). As such, Petitioner's motion is untimely under § 2255(f) and equitable tolling does not apply. The Court will, therefore, dismiss Petitioner's motion to vacate on initial review.

The Court also notes that, even if Plaintiff's motion had been timely filed, Bruen affords Petitioner no relief. The Second Amendment to the United States Constitution does not protect a convicted felon's "right" to bear arms. See United States v. Mahin, 668 F.3d 119, 123 (4th Cir. 2012) (collecting cases declining to overturn on Second Amendment grounds criminal convictions under 18 U.S.C. § 922(g)). Bruen, which regards the right of "law-abiding citizens with ordinary self-defense needs" to keep and bear arms, does not change this conclusion. See Bruen, 142 S.Ct. at 2156. See also Nicks v. United States, No. 5:23-cv-2-KDB, 2023 WL 4356065, at *10-*12 (W.D.N.C. July 5, 2023) (addressing constitutionality of § 922(g) after Bruen); United States v. Riley, 635 F.Supp.3d 411, 428 (E.D. Va. Oct. 13, 2022) ("Before and after Bruen, no circuit has held § 922(g)(1) unconstitutional as applied to a convicted felon."). As such, Petitioner's motion would be denied in any event.

### IV. CONCLUSION

For the reasons stated herein, Petitioner's Section 2255 motion is untimely and is denied and dismissed with prejudice.

The Court further finds that Petitioner has not made a substantial showing of a denial of a

constitutional right.  See generally 28 U.S.C. § 2253(c)(2); see also Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (to satisfy § 2253(c), a "petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong") (citing Slack v. McDaniel, 529 U.S. 473, 484-85 (2000)).  Petitioner has failed to demonstrate both that this Court's dispositive procedural rulings are debatable, and that the Motion to Vacate states a debatable claim of the denial of a constitutional right.  Slack v. McDaniel, 529 U.S. at 484-85.  As a result, the Court declines to issue a certificate of appealability.  See Rule 11(a), Rules Governing Section 2255 Proceedings for the United States District Courts, 28 U.S.C. § 2255.

## ORDER

**IT IS, THEREFORE, ORDERED** that Petitioner's Motion to Vacate Sentence under 28 U.S.C. § 2255 [Doc. 30] is **DENIED** and **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability.

**IT IS SO ORDERED**.

Signed: June 18, 2024

Frank D. Whitney
United States District Judge